# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ASHLEIGH E. THORNTON**                    **CIVIL ACTION**

**VERSUS**                                   **NO. 14-1243**

**JAMES ROGERS, WARDEN**                     **SECTION "N"(4)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.    Factual and Procedural Background

The petitioner, Ashleigh E. Thornton ("Thornton"), is a convicted inmate currently incarcerated in the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana.[2] On April 11, 2011, Thornton was indicted in Orleans Parish under Case No. 505319 for the August 22, 2005, second degree murder of Joseph Wongchoy, her boss, who was shot once in the head at petitioner's place of employment where Wongchoy also resided.[3] Thornton initially entered a plea of not guilty to the charge on May 2, 2011.[4]

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 3.

[3] St. Rec. Vol. 1 of 4, Indictment (505319), 4/2/11; Hearing Transcript (505319), pp. 8-10, 10/13/11.

[4] St. Rec. Vol. 1 of 4, Minute Entry, 5/2/11.

After several unsuccessful pretrial motions to suppress,[5] on June 15, 2012, Thornton withdrew her former plea and, pursuant to a plea agreement, entered a plea of guilty to the amended charge of manslaughter.[6]   In accordance with the agreement, the Trial Court sentenced Thornton to serve thirty (30) years in prison at hard labor with credit for time served.[7]   The State that day also filed a multiple bill charging Thornton as a second offender based on her prior conviction upon entry of a plea of guilty to possession of narcotics in Jefferson Parish Case No. 06-2722.   Pursuant to the initial plea agreement and her admission to the multiple bill, the Trial Court vacated the sentence and resentenced Thornton as a second offender to serve thirty (30) years in prison at hard labor with credit for time served and to run concurrently with her other sentences.[8]

At a hearing held July 20, 2012, the State successfully moved to have the Trial Court vacate the first multiple bill and the sentence on that bill.[9]   The State filed a second multiple bill based on another of Thornton's prior convictions in Jefferson Parish Case No. 04-7532, in which she entered a guilty plea to possession of hydrocodone on April 12, 2005.[10]   At the hearing, Thornton admitted

---

[5]*See* St. Rec. Vol. 1 of 4, Minute Entry, 10/13/11; *State v. Thornton*, 83 So.3d 1024 (La. 2012).

[6]St. Rec. Vol. 1 of 4, Plea Minutes, 6/15/12; Waiver of Constitutional Rights - Plea of Guilty Form, 6/15/12; Indictment (handwritten amendment), 6/15/12.

[7]St. Rec. Vol. 1 of 4, Plea Minutes, 6/15/12.

[8]St. Rec. Vol. 1 of 4, Plea Minutes, 6/15/12; Multiple Bill, 6/15/12; Waiver of Constitutional Rights - Plea of Guilty Form, 6/15/12.

[9]St. Rec. Vol. 1 of 4, Multiple Bill Hearing Minutes, 7/20/12.

[10]St. Rec. Vol. 1 of 4, Multiple Bill, 7/20/12; St. Rec. Vol. 3 of 4, Bill of Information (04-7532), 11/16/04; Revocation and Plea Minutes (04-7532), 12/11/06; Plea Minutes (04-7532), 4/12/05.   In that case, Thornton was sentenced by a judge in the 24th Judicial District in Jefferson Parish to serve two (2) years in prison and the sentence was suspended. St. Rec. Vol. 3 of 4, Plea Minutes (04-7532), 4/12/05; Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty (04-7532), 4/12/05. She instead was placed on active probation for two (2) years.  *Id.*  Her probation was revoked on December 11, 2006, and she was returned to jail to serve the two (2) year sentence consecutive to the other sentences she had to serve at that time.  St. Rec. Vol. 3 of 4, Revocation and Plea Minutes (04-7532), 12/11/06.

the allegations in the multiple bill, and the Trial Court adjudicated her to be a second felony offender.[11]  The Trial Court sentenced Thornton as a second felony offender to serve thirty (30) years in prison at hard labor with credit for time served.[12]

Thornton's conviction and sentence became final thirty (30) days later, on Monday, August 20, 2012,[13] because she did not seek reconsideration of the sentence or file an appeal.  La. Code Crim. P. art. 914;[14] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)) ("[A] conviction becomes final when the time for seeking further direct review in the state court expires."); *see also Burton v. Stewart*, 549 U.S. 147 (2007) (finding that in a criminal case, judgment includes conviction and sentence, therefore the AEDPA "limitations period did not begin until both his conviction and sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review,'" citing 28 U.S.C. § 2244(d)(1)(A)).

On July 10, 2013, Thornton submitted an application for post-conviction relief to the Trial Court asserting three (3) grounds for relief:[15] (1) the Trial Court violated La. Code Crim. P. art. 880 when it failed to give her credit for time served starting from the date of issuance of the arrest warrant and detainer; (2) the State failed to produce sufficient evidence to prove Thornton was a

---

[11]St. Rec. Vol. 1 of 4, Multiple Bill Hearing Minutes, 7/20/12.

[12]*Id.*

[13]The thirtieth day fell on Sunday, August 19, 2012, moving the end of the period to the next business day, Monday, August 20, 2012.  *See* La. Code Crim. P. art. 13.

[14]Louisiana law requires a criminal defendant to move for leave to appeal within thirty(30) days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1).  Failure to move timely for appeal under Art. 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

[15]St. Rec. Vol. 4 of 4, Application for Post-Conviction Relief, dated 7/10/13.

multiple offender rendering her sentence unconstitutional; and (3) her constitutional rights were violated when the Trial Court double-enhanced her sentence which created an illegal sentence.

On July 29, 2013, the Trial Court denied the application finding that Thornton's first claim was factually incorrect where the record showed the Trial Court ordered that she receive credit for time served.[16]  The Trial Court found the second claim to be moot, because Thornton admitted to the prior conviction in the multiple bill.  The Trial Court also found that the third claim raised a sentencing error which was not a proper ground for post-conviction relief under La. Code Crim. P. arts. 930.3 and *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996).[17]

The Louisiana Fourth Circuit denied Thornton's related writ application on September 4, 2013, finding no error in the Trial Court's ruling.[18]  The Louisiana Supreme Court denied her subsequent writ application without stated reasons on May 9, 2014.[19]

## II.   Federal Petition

On July 3, 2014, the clerk of this Court filed Thornton's federal petition for habeas corpus relief in which she asserted the following grounds for relief:[20] (1) the state courts violated her constitutional rights when the courts failed to allow her credit for time served starting from her

---

[16]St. Rec. Vol. 4 of 4, Trial Court Order, 7/29/13.

[17]La. Code Crim. P. art. 930.3 sets forth the grounds on which post-conviction relief can be granted.  In *State ex rel. Melinie*, the Louisiana Supreme Court, relying on La. Code Crim. P. art. 930.3, ruled that claims of excessive sentence or errors in sentencing which should be raised on direct appeal were not proper grounds for post-conviction relief.  The state courts extended that rule in *State v. Hebreard*, 708 So.2d 1291 (La. App. 4th Cir. 1998) for challenges to multiple bill proceedings.

[18]St. Rec. Vol. 4 of 4, 4th Cir. Order, 2013-K-1182, 9/4/13; 4th Cir. Writ Application, 2013-K-1182, 8/27/13 (dated 8/20/13).

[19]*State ex rel. Thornton v. State*, 138 So.3d 1241 (La. 2014); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2013-KH-2331, 5/2/14.

[20]Rec. Doc. No. 3.

initial arrest on August 27, 2005, or from the date the arrest warrant was issued; (2) the State failed

to produce sufficient evidence to prove she was a habitual offender, which rendered her sentence

illegal; and (3) the state trial court violated her constitutional rights when it double-enhanced her

sentence using a prior enhanced sentence, which created an illegal sentence.

The State filed an answer in opposition to Thornton's petition conceding its timely filing and

urging that her first two claims in part are not cognizable under federal habeas law and are otherwise

without merit and the third claim is in procedural default and otherwise without merit.[21]  Thornton

filed a reply to the State's answer in opposition further arguing the merits of her claims.[22]

## III.   General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-

132, 110 Stat. 1214,[23] applies to this petition, which is deemed filed in this Court under the federal

mailbox rule on May 12, 2014.[24]

---

[21]Rec. Doc. No. 12.

[22]Rec. Doc. No. 13.

[23]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[24]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of this Court filed Thornton's federal habeas petition on July 3, 2014, when the filing fee was received after denial of her request for pauper status.  Thornton dated her signature on the petition on May 12, 2014, which is the earliest date appearing in the record on which she could have delivered the pleadings to prison officials for mailing to the Court.  The fact that she paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default." *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). As indicated above, the State concedes and the record demonstrates that Thornton's federal petition was timely filed and state remedies were exhausted as to the claims raised in connection with Orleans Parish Case No. 505319, which is the only conviction and sentence being challenged by Thornton. The State has urged, however, that one of Thornton's claims is in procedural default having been barred from review by the state courts.

## IV.    Procedural Default (Claim No. 3)

The State has raised the procedural bar imposed by the state courts to review of Thornton's claim that her enhanced sentence is illegal and unconstitutional. The record reflects that this is the only claim to be clearly rejected on procedural grounds by the state courts under La. Code Crim. P. art. 930.3 and related case law. The State's suggestion, that the other claims should also be procedurally barred as sentencing errors, is rejected where no such bar was imposed to prevent review by any of the state courts.

As outlined above, Thornton raised this illegal sentence claim on post-conviction review and the state trial court, providing the last reasoned decision, denied relief finding the claim to be procedurally barred from review under La. Code Crim. P. art. 930.3 and *State ex rel. Melinie*, 665 So.2d at 1172. *See Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991) (finding that when the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal

claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion).

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state law ground that is both independent of the merits of the federal claim and adequate to support that judgment. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997), *cert. denied*, 523 U.S. 1125 (1998); *Amos v. Scott*, 61 F.3d 333, 338 & n.15 (5th Cir. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262 (1989)).  The "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or post-conviction review. *Coleman*, 501 U.S. at 731-32; *Amos*, 61 F.3d at 338.  This type of procedural default will bar federal court review of a federal claim raised in a habeas petition when the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902.  The Court must consider whether the bar to review relied upon by the Louisiana courts prohibits consideration of the claims on federal habeas corpus review.

### A.     Independent State Grounds

A dismissal is independent of federal law when the last state court "clearly and expressly" indicated that its judgment rests on a state procedural bar. *Amos*, 61 F.3d at 338.  The well settled doctrine in Louisiana under La. Code Crim. P. art. 930.3 and related case law, prohibits challenges to sentencing errors on post-conviction review. *See e.g.*, *State ex rel. Melinie*, 665 So.2d at 1172; *State ex rel. Brown v. State*, 870 So.2d 976 (La. 2004); *Richardson v. Cain*, No. 07-2999, 2010 WL 1838642, at *11 (E.D. La. Apr. 1, 2010); *Wallace v. Cain*, No. 06-11271, 2009 WL 3367052, at *14

(E.D. La. Oct. 15, 2009) (Order adopting Report).  The Louisiana Supreme Court extended that doctrine to prohibit post-conviction review of habitual offender proceedings, including claims of ineffective assistance of counsel during that proceeding, excessive sentence and other sentencing errors.  *State v. Cotton*, 45 So.3d 1030 (La. 2010) (citing La. Code Crim. P. art. 930.3); *see also*, *State v. Thomas*, 19 So.3d 466 (La. 2009).  In doing so, the Louisiana Supreme Court specifically distinguished and noted that this post-conviction prohibition did not prevent a defendant from raising the sentencing and multiple bill proceedings errors on direct appeal of the sentencing judgment itself, citing La. Code Crim. P. art. 912(C)(1), which directs for such sentencing matters to be raised on direct appeal.  *Cotton*, 45 So.3d at 1030-31.

In this case, the state courts' ruling was based on Louisiana law setting forth the requirements for preservation and presentation of claims on appellate and post-conviction review. This ruling was therefore independent of federal law and relied strictly on state procedural requirements.  *See e.g.*, *Bennett v. Whitley*, 41 F.3d 1581, 1583 (5th Cir. 1994); *Washington v. Cain*, No. 98-0584, 2000 WL 863980, at *4 (E.D. La. Jun. 27, 2000); *see also*, *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902.

**B.      Adequate State Grounds**

The question of the adequacy of a state procedural bar is itself a federal question.  *Beard v. Kindler*, 558 U.S. 53, 60 (2009) (citing *Lee v. Kemna*, 534 U.S. 362, 375 (2002)).  To be adequate, the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases.  *Walker v. Martin*, 562 U.S. 307, __, 131 S. Ct. 1120, 1127-28 (2011); *Glover*, 128 F.3d at 902.  A state procedural rule, however, "can be 'firmly established' and

8

'regularly followed,' - even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard*, 558 U.S. at 60 (citations omitted) .

In evaluating the adequacy of the rules applied to bar a petitioner's claim, a federal habeas court does not sit to correct errors made by state courts in interpreting and applying state law. *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) and *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)) (citing *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996)); *accord Turner v. Johnson*, 46 F. Supp. 2d 655, 674 (S.D. Tex. 1999). Rather, a federal court's analysis focuses on due process considerations, and due process requires only that the Court grant the writ when the errors of the state court make the underlying proceeding fundamentally unfair. *See Neyland v. Blackburn*, 785 F.2d 1283, 1293 (5th Cir. 1986) (citing *McAffee v. Procunier*, 761 F.2d 1124, 1126 (5th Cir. 1985) and *Lane v. Jones*, 626 F.2d 1296 (5th Cir. 1980)). In keeping with this, a state procedural rule that is applied arbitrarily or in an unexpected manner may be considered inadequate to prevent federal review. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996); *Prihoda v. McCaughtry*, 910 F.2d 1379, 1383 (7th Cir. 1990).

> A federal court may not second-guess a state court's rule of procedure, but must evaluate whether the rule was actually applicable on the particular facts of the case. Otherwise, state courts could disregard federal rights with impunity simply by using the word "waived."

*United States ex rel. Bradley v. Clark*, No. 99-C-1785, 2002 WL 31133094, at *4 n.2 (N.D. Ill. July 18, 2002).

For this reason, when state courts apply a procedural bar that has no foundation in the record or basis in state law, federal courts need not honor that bar. *See e.g.*, *Davis v. Johnson*, No. 00CV684-Y, 2001 WL 611164, at *4 & n.10 (N.D. Tex. May 30, 2001); *Johnson v. Lensing*, No. 99-0005, 1999 WL 562728, at *4 (E.D. La. Jul. 28, 1999) (stating Art. 930.8 bar was not adequate

because it was not properly applied under the circumstances of the case); *Poree v. Cain*, No. 97-1546, 1999 WL 518843, at *4 (E.D. La. Jul. 20, 1999) (Mentz, J.) (stating Art. 930.8 was not adequate to bar review because it was misapplied).  However, it is <u>not</u> within the federal court's province to disagree with the application of the bar; it is only to determine its adequacy.  *Lee v. Cain*, No. 03-2626, 2004 WL 2984274, at *1 n.2 (E.D. La. Dec. 6, 2004) (Vance, J.) (addressing Art. 930.3 as applied to ineffective assistance of counsel claim).  Thus, where such a foundation and basis does exist, as it does in this case, the bar must stand.

As discussed above, the state courts relied on well-settled Louisiana doctrine arising from La. Code Crim. P. art. 930.3 to bar review of Thornton's claim challenging the sentence imposed after her multiple offender proceedings.  The federal courts have repeatedly held that La. Code Crim. P. art. 930.3 and related state case law, such as *State ex rel. Melinie*, 665 So.2d at 1172, and *Cotton*, 45 So.3d at 1030, are both independent and adequate state law grounds for dismissal which bar review of similar claims in a federal habeas corpus proceeding.  *Hull v. Stalder*, 234 F.3d 706, 2000 WL 1598016, at *1 (5th Cir. Sep. 28, 2000) (Table, Text in Westlaw) (art. 930.3, *State ex rel. Melinie*); *Zantiz v. Louisiana*, No. 12-2908, 2014 WL 775577, at *7 (E.D. La. Feb. 25, 2014) (Engelhardt, J.) (order adopting report); *Johnson v. Cain*, No. 12-0621, 2012 WL 5363327, at *4 (E.D. La. Oct. 30, 2012) (Lemelle, J.) (art. 930.3, *State ex rel. Melinie* and *Cotton*); *Evans v. Cain*, No. 112584, 2012 WL 2565008, at *6-*7 (E.D. La. Mar. 14, 2012), *adopted by* 2012 WL 2565001, at *1 (E.D. La. Jul. 2, 2012) (Berrigan, J.); *Taylor v. Cain*, No. 07-3929, 2008 WL 4186883, at *16 (E.D. La. Sep. 10, 2008) (Vance, J.) (order adopting report); *Williams v. Cain*, No. 05-0710, 2008 WL 3363562, at *8 (E.D. La. Aug. 8, 2008) (Barbier, J.) (order adopting report).

For the foregoing reasons, the bar imposed on review of Thornton's post-conviction claim arising from her multiple offender proceeding and sentence is supported by the record and is adequate to foreclose review by this federal court.  Because the Louisiana courts' decisions rested on independent and adequate state rules of procedural default, this Court will not review these claims unless Thornton establishes one of the following exceptions.

### C.   <u>Cause and Prejudice</u>

A federal habeas petitioner may be excepted from the procedural default rule only if he can show "cause" for his default and "prejudice attributed thereto," or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Glover*, 128 F.3d at 902 (citing *Coleman*, 501 U.S. at 731-32); *Amos*, 61 F.3d at 338-39 (citing *Harris*, 489 U.S. at 262; *see Engle v. Isaac*, 456 U.S. 107, 128-29 & n.33 (1982))

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  The mere fact that petitioner or her counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.  *Id.* at 486.  Petitioner has not asserted, and the Court's review of the record does not support a finding, that any factor external to the defense prevented her from raising the claim in a procedurally proper manner.  The record also does not reflect any action or inaction on the part of the State which prevented her from doing so.  "The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown."  *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) (citing *Engle*, 456 U.S. at 134 n.43).

11

Thornton's defaulted claim is therefore procedurally barred from review by this federal habeas corpus court.  *See Trest v. Whitley*, 94 F.3d 1005, 1008 (5th Cir. 1996) (finding habeas review precluded when petitioner neglected to allege actual prejudice and cause of failure to comply with state procedural rule concerning time restriction on filing for state post-conviction relief), *vacated on other grounds*, 522 U.S. 87 (1998).[25]  Having failed to show an objective cause for her default, the Court need not determine whether prejudice existed, and petitioner has not alleged any actual prejudice.  *Ratcliff v. Estelle*, 597 F.2d 474, 477-78 (5th Cir. 1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th Cir. 1977)).

### D.      Fundamental Miscarriage of Justice

Thornton also may avoid this procedural bar only if a fundamental miscarriage of justice will occur if the merits of her claim are not reviewed.  *Hogue*, 131 F.3d at 497 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).  To establish a fundamental miscarriage of justice, petitioner must provide this Court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986); *accord Murray*, 477 U.S. at 496; *Glover*, 128 F.3d at 902.  To satisfy the factual innocence standard, petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt.  *Campos v. Johnson*, 958 F. Supp. 1180, 1195 (W.D. Tex. 1997) (footnote omitted); *Nobles*, 127 F.3d at 423 & n.33 (finding actual innocence factor requires a showing by clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense").  When the petitioner has not

---

[25]The Supreme Court vacated the Fifth Circuit's opinion on grounds that a court of appeals is not <u>required</u> to raise the procedural default argument *sua sponte* but may do so in its discretion.  *Id*.

adequately asserted her actual innocence, the procedural default cannot be excused under the "fundamental miscarriage of justice" exception. *Glover*, 128 F.3d at 903.

Thornton does not present any claim and the record contains nothing to suggest or establish her actual innocence on the underlying conviction or in regard to the multiple bill. Her claim instead alleges procedural error in the imposition of sentence and not her actual innocence. She in fact concedes that she had numerous prior convictions, including that addressed in the multiple bill proceeding at issue. She presents no evidence or argument of the kind of actual innocence that would excuse the procedural default. She, therefore, has failed to overcome the procedural bar to this claim.

Thornton's claims challenging the legality and constitutionality of her current enhanced sentence is procedurally barred and should be dismissed with prejudice.

## V.     Standards of a Merits Review on the Remaining Claims

The AEDPA standard of review is governed by § 2254(d) and the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362 (2000). It provides different standards for questions of fact, questions of law, and mixed questions of fact and law.

A state court's determinations of questions of fact are presumed correct and the Court must give deference to the state court findings unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2) (2006); *see Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption. 28 U.S.C. § 2254(e)(1) (2006).

13

A state court's determination of questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), as amended by the AEDPA.  The standard provides that deference be given to the state court's decision unless the decision is "contrary to or involves an unreasonable application of clearly established federal law" as determined by the United States Supreme Court. *Hill*, 210 F.3d at 485.  The "critical point" in determining the Supreme Court rule to be applied "is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *White v. Woodall*, __ U.S. __, 134 S. Ct. 1697, 1706-07 (2014) (citing *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 787 (2011) and *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)).  "Thus, 'if a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established at the time of the state-court decision.'" *White*, 134 S. Ct. at 1706 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 666 (2004)).

A state court's decision can be "contrary to" federal law if: (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405-06, 412-13; *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Hill*, 210 F.3d at 485.  A state court's decision can involve an "unreasonable application" of federal law if it correctly identifies the governing rule but then applies it unreasonably to the facts.  *White*, 134 S. Ct. at 1706-07; *Williams*, 529 U.S. at 406-08, 413; *Penry*, 532 U.S. at 792.

The Supreme Court in *Williams* did not specifically define "unreasonable" in the context of decisions involving unreasonable applications of federal law.  *See Williams*, 529 U.S. at 410.  The

14

Court, however, noted that an unreasonable application of federal law is different from an incorrect application of federal law. *Id.* "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.'" *Price v. Vincent*, 538 U.S. 634, 641 (2003) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002)) (brackets in original); *Bell v. Cone*, 535 U.S. 685, 699 (2002)).

Thus, under the "unreasonable application" determination, the Court need not determine whether the state court's reasoning is sound, rather "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner. *Price*, 538 U.S. at 641 (quoting *Woodford*, 537 U.S. at 24-25); *Wright v. Quarterman*, 470 F.3d 581, 585 (5th Cir. 2006). In addition, review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398 (2011).

## VI.    Credit for Time Served (Claim No. 1)

Thornton claims that the state trial court erred in failing to order that she receive credit under La. Code Crim. P. art. 880(E)[26] for all of the time served in custody between 2005 and her ultimate conviction and sentence in 2012. Specifically, she alleges that the state trial court should have given her credit for time served starting from either her arrest on August 27, 2005, on unrelated Jefferson Parish charges or from issuance of the Orleans Parish arrest warrant on November 2, 2006, at which time she was serving sentences in Jefferson Parish custody on unrelated charges. Under a broad

---

[26]Article 880(A) and (E) provide that "A defendant shall receive credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence," and "shall not receive overlapping jail credit, except in the instance of concurrent sentences and then <u>only</u> for time spent in jail on the <u>instant</u> felony." (emphasis added).

reading, she contends that, because she was in someone's custody at all times between the Wongchoy's murder and her ultimate Orleans Parish arrest for the second degree murder on March 10, 2011, she should be given credit towards her current Orleans Parish sentence. The State argues that her claim is not legally correct under state law and also is not cognizable under federal habeas law.

As outlined above, Thornton raised this claim on post-conviciton review to the state trial court. The Trial Court denied relief as factually incorrect since the sentencing judge had in fact ordered that she receive credit for time served when she was sentenced in 2012. This was the last reasoned opinion on the issue. *Ylst*, 501 U.S. at 803.

Federal habeas law is well settled that claims of error in the application of state law do not assert a claim cognizable in federal habeas proceedings. *Swarthout v. Cooke*, 562 U.S. 216, __, 131 S. Ct. 859, 861 (2011) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)) (finding federal habeas review does not lie for errors of state law); *Engle v. Isaac*, 456 U.S. 107, 119 (1982) ("Insofar as respondents simply challenge . . . [the application of state] law, they allege no deprivation of federal rights and may not obtain habeas relief." (alteration added)); *Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004). In the course of reviewing state criminal proceedings, a federal court does "not sit as a super state supreme court to review error under state law." *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007); *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983). More specifically, a state's failure to follow its own sentencing procedures is not reviewable by a federal habeas corpus court. *Joseph v. Butler*, 838 F.2d 786, 789 n.2 (5th Cir. 1988); *Haynes v. Butler*, 825 F.2d 921, 924

(5th Cir. 1987).  For these reasons, Thornton's claim asserted under Louisiana law fails to state a cognizable claim for this Court to review as presented.[27]

In addition, a federal habeas court will only review the propriety of state court errors when an error has occurred that violated due process such that the state criminal proceeding was rendered fundamentally unfair.  *Lisenba v. People of the St. of Cal.*, 314 U.S. 219, 236-37 (1941); *Swarthout*, 131 S. Ct. at 861-62; *Peters v. Whitley*, 942 F.2d 937, 940 (5th Cir. 1991) (finding habeas review is proper only to determine whether a state trial judge's error is so extreme as to render the trial fundamentally unfair or violate an explicit constitutional right).  Thornton, however, has not presented any error, much less a constitutional error, by the state trial court to trigger federal habeas review.

As determined by the state courts, the record is clear that the sentencing court in fact directed that Thornton receive credit for time served.  In addition, the credit provisions under La. Code Crim. P. art. 880 apply as a matter of Louisiana law even if not specifically ordered by the sentencing court.  *See, e.g.*, *State v. Green*, No. 14-334, 2014 WL 4926196, at *1 (La. App. 3d Cir. 2014); *State v. Carter*, 96 So.3d 1283, 1293-94 (La. App. 5th Cir. 2012).  Under a broad reading, Thornton also concedes that she is receiving credit for time served from the date of her arrest on this felony, which is in accord with the Trial Court's order and the statutory language of La. Code Crim. P. art. 880(E).

---

[27]To the extent Thornton is challenging the manner in which the Louisiana Department of Corrections is calculating her sentence term, the record does not reflect that she has properly exhausted that issue under the administrative guidelines required by Louisiana law.  *See*, La. Rev. Stat. Ann. § 15:1171 *et seq.*; La. Rev. Stat. Ann. § 15:571.15.  Under Louisiana's Corrections Administrative Remedy Procedure ("CARP") procedures, an inmate must utilize the administrative procedure established by the Louisiana Department of Corrections ("DOC"), or any facility in which she is housed, to resolve any claims related to her confinement, including "time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies, or statutes."  La. Rev. Stat. Ann. § 15:1171(B).  Upon completion of the administrative process, an inmate may seek judicial review by filing suit in the appropriate state district court. La. Rev. Stat. Ann. § 15:1177.  The provisions of La. Rev. Stat. Ann. § 15:571.15 require that any such suit against the DOC challenging the computation of an inmate's "sentence or sentences, discharge, . . . or any action concerning parole" must first be brought in the 19th Judicial District Court in East Baton Rouge Parish. Nevertheless, the Court declines to consider the claim which is not specifically raised here and is not clearly exhausted.

Nevertheless, where there was no legal error by any state court, there is no basis for this Court to consider the claim on a constitutional level.

Furthermore, to obtain federal habeas corpus relief, a petitioner must show that she has been deprived of some right secured by the United States Constitution or other federal law. *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007). There is no federal constitutional right to credit for time served before sentencing unless a prisoner's indigence prevents her from making bond and she receives a maximum possible sentence for her crime. *Jones v. Johnson*, 234 F.3d 29, 2000 WL 1568211, at *1 (5th Cir. 2000) (Table, Text in Westlaw); *Matthews v. Dees*, 579 F.2d 929, 931 (5th Cir. 1978); *Jackson v. Alabama*, 530 F.2d 1231, 1236 (5th Cir. 1976); *Gremillion v. Henderson*, 425 F.2d 1293 (5th Cir. 1970); *Franks v. Thaler*, No. 11-CA-1059, 2013 WL 1089034, at *4 (W.D. Tex. Mar. 14, 2013). That is not the case for Thornton, who received only thirty (30) years in prison for manslaughter as a second offender when she faced forty (40) years in prison as a first offender and eighty (80) years as a second offender. La. Rev. Stat. Ann. § 14:31, §15:529.1; *see also*, *State v. Carey*, 110 So.3d 221, 234-235 (La. App. 2d Cir. 2013).

Thus, as discussed above, Thornton's claim is purely a question of state law that does not present a cognizable federal constitutional issue. *King v. Houston*, 68 F.3d 466, 1995 WL 581539, *1 (5th Cir. 1995) (Table, Text in Westlaw) (citing *Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir. 1983)). Thornton has failed to present a basis for federal habeas corpus relief and her claim must be dismissed.

## VII.   Sufficiency of the Evidence at the Multiple Bill Proceeding (Claim No. 2)

Thornton alleges that the State failed to present adequate proof of her prior conviction to support her adjudication as a second offender. Specifically, she contends that the State did not place

18

into the record any proof that the prior guilty plea was constitutionally proper for it to be used as a predicate offense.  She also suggests that it is unclear under which multiple bill the state proceeded where two bills were filed into the record.  The State argues that Thornton's plea to the multiple bill prevents her from challenging the veracity of the multiple bill or her adjudication as a second offender.

Thornton raised this claim to the state trial court on post-conviction review.  The Trial Court denied the claim as moot, noting that Thornton entered a plea to the multiple bill thereby admitting that the prior convictions were hers.  This was the last reasoned opinion on this issue.  *Ylst*, 501 U.S. at 803.

As an initial matter, as suggested by the State, at least part of Thornton's claim is based in factual error.  The record is clear that Thornton's adjudication and current sentence as a second felony offender was based on the multiple bill filed on July 20, 2012.[28]  The multiple bill filed on June 15, 2012, and the related adjudication,[29] were vacated by the Trial Court on the motion of the State at the proceeding held July 20, 2012.[30]  Her adjudication, therefore, was based on the July 20, 2012, multiple bill which relied upon her April 12, 2005 conviction--after her plea of guilty to possession of hydrocodone in Jefferson Parish, Case No. 04-7532--as the predicate offense.

Thornton also challenges the sufficiency of the evidence at the multiple bill proceeding.  Claims of insufficient evidence present a mixed question of law and fact.  *Maes v. Thomas*, 46 F.3d 979, 988 (10th Cir. 1995).  When such a claim is properly raised, a federal habeas court must

---

[28]St. Rec. Vol. 1 of 4, Multiple Bill, 7/20/12.

[29]St. Rec. Vol. 1 of 4, Plea Minutes, 6/15/12; Multiple Bill, 6/15/12.

[30]St. Rec. Vol. 1 of 4, Multiple Bill Hearing Minutes, 7/20/12.

determine whether the denial of relief was contrary to Supreme Court law.  In this case, however, Thornton has shown no constitutional error or cognizable claim for this Court to review.

Thornton has not made any specific challenge to the propriety of the predicate offense relied upon by the State at her July 20, 2012 multiple offender hearing.  She simply suggests that state law required the State to produce proof of the propriety of the prior conviction.  Generally speaking, this is true.  The State is required to prove the existence of a prior felony conviction and that the defendant is the same person who was convicted of the prior felony *State v. Shelton*, 621 So.2d 769 (La.1993); *State v. Staggers*, No. 03-KA-655, 2003 WL 22438958 at *5-6 (La. App. 5th Cir. 2003) (citing *State v. Davis*, 829 So.2d 554 (La. App. 5th Cir. 2002)); *State v. Warfield*, No. 37,616-KA, 2003 WL 22439586 at *2-3 (La. App. 2d Cir. 2003).

In this case, however, Thornton entered a plea of guilty and admitted to the allegations in the multiple bill.  The United States Fifth Circuit has recognized that a state criminal defendant waives a claim of sufficiency of the evidence by pleading guilty or admitting to a multiple bill.  *Payne v. Whitley*, 48 F.3d 529, 1995 WL 84049, at *2 (5th Cir. 1995) (Table, Text in Westlaw).  The Fifth Circuit has repeatedly recognized that a state court has no federal constitutional duty to establish a factual basis for the guilty plea to a multiple bill, because the state judge is not determining guilt or innocence, and instead is enhancing a sentence based on a prior conviction which the defendant deems true by admitting to the bill.  *Payne*, 1995 WL 84049, at *2.

In addition, Louisiana law places the burden on a defendant at the multiple bill hearing to produce affirmative evidence showing an infringement of her rights or a procedural irregularity in the taking of the predicate plea.  *Shelton*, 621 So.2d at 779.  Only when the defendant denies an allegation in the multiple bill is the burden on the State to prove the validity of the plea and that the

defendant was represented by counsel. *Id.* at 779.  Thus, when Thornton failed to do this and instead entered the plea to the multiple bill, she forfeited her right to challenge the sufficiency of the evidence to support the multiple bill and any irregularity in the predicate plea. *See State v. Williams*, 106 So.2d 1068, 1073 (La. App. 5th Cir. 2012).  For the sake of argument and the benefit of a reviewing court, the records provided by the State reflect that Thornton was informed of and waived each of her constitutional rights and was represented by counsel when she entered the guilty plea in Jefferson Parish Case No. 04-7532.[31]

Furthermore, the State is correct in its conclusion that, to the extent Thornton may seek to challenge the prior conviction in 04-7532 itself, her claim would not be properly before this Court. As the United States Supreme Court has held, when a habeas petitioner is no longer serving the sentence imposed pursuant to an old conviction, she cannot bring a federal habeas action to challenge the old conviction. *Lackawanna County Dist. Atty. v. Coss*, 532 U.S. 394, 403 (2001).

For the foregoing reasons, Thornton has failed to present a cognizable claim challenging the sufficiency of the evidence at her multiple bill proceeding where she entered a plea to the bill.  Her claim therefore must be dismissed.

## VIII.   Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Thornton's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after

---

[31]St. Rec. Vol. 3 of 4, Plea Minutes, 4/12/05.

21

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from

a failure to object.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[32]

New Orleans, Louisiana, this 27th day of January, 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[32]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.